HUMPHREY BARTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26177.   Promulgated October 23, 1928.

*Humphrey Barton, Esq.*, pro se.
*L. A. Luce, Esq.*, for the respondent.

**OPINION.**

LANSDON: The sole contention of the petitioner is that the 25 law cases which he turned over to the firm at December 31, 1919,

were in the nature of a capital contribution to the partnership, and that after the termination of the partnership he was entitled to receive the value, if any, of such capital contribution before becoming liable to income tax on any partnership receipts that he received subsequent to December 31, 1921, when the partnership was terminated.

In support of his contention the petitioner introduced his former partner as a witness, and such partner testified that in his opinion the law cases in question had a value of at least $12,000 when taken over by the partnership. The petitioner also testified in his own behalf that, in his opinion, such cases had a value of from $10,000 to $15,000 when he turned them in to the partnership.

Although this proceeding is submitted as nothing more than a controverted question of fact, it is clear that there are legal phases of the transaction in question that require consideration. A partnership has somewhat peculiar characteristics. It may be, and probably is, a business entity for the purposes for which it was established, but the taxing statutes pass it over and assess taxes against its members as individuals in proportion to their respective shares of distributable net income. There is some question, then, as to whether an individual parts with anything when he makes a capital contribution to a partnership. He still has exactly what he had before, but under modified conditions as to the control or dominion thereof. It may be that on dissolution the only thing returned to him is the complete control or dominion over his property that for a time had been used, but not owned by the partnership. Apparently the law recognizes this situation in the well-established principle that each member of a partnership is responsible individually for all the obligations thereof not in proportion to his contributions of capital or service, but without limit.

There is also much doubt as to the nature of the alleged contributions of capital involved herein. If the cases turned in to the partnership had any value in excess of the fees, less expenses subsequently resulting therefrom, such value must have been in the nature of good will. So far as the record shows all these cases may have been settled prior to the dissolution of the partnership and the returns therefrom collected and distributed to the partners. In such an event it is clear that if anything remained of the alleged contributions of capital originally made it was the good will that was attached to them when they were turned over to the partnership. No evidence as to the value of the good will contributed by the petitioner was offered.

In this proceeding, however, it is not necessary to decide any of the questions above suggested, since we are not convinced, even if the law cases in question were taken into partnership assets as a

capital contribution by the petitioner, that the uncontradicted opinion evidence adduced if considered in connection with facts disclosed by the record establishes the value claimed. *The Conqueror*, 166 U. S. 110; *W. S. Bogle & Co.* v. *Commissioner of Internal Revenue*, 26 Fed. (2d) 771. The greater part of the business consisted of personal injury suits that were handled on a contingent fee basis. The books of account show the amounts received from settled cases, but there is nothing in the record to prove the costs of securing and prosecuting them or the net amounts received therefrom. Even if there is any legal basis sufficient to support the claim of the petitioner the value of the law cases was contingent and highly speculative and can not be regarded as a capital contribution to the partnership in any amount which the evidence enables us to determine.

Reviewed by the Board.

*Decision will be entered for the respondent.*

PHILLIPS concurs in the result.